UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
ex rel. WEBB, *et al.*,

        Plaintiffs,

   v.

ASSERTIO THERAPEUTICS, INC, f/k/a
DEPOMED, INC.,

        Defendant.

Civil Action No. 17-2309 (JDB)

## JOINT STIPULATION OF DISMISSAL

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and 31 U.S.C.

§ 3730(b)(1), Plaintiffs, the United States of America and Relators, acting by and through their

counsel, and pursuant to the terms and conditions of the Settlement Agreement fully executed on

May ___, 2025, regarding this matter, jointly stipulate that: (1) all claims in the above-referenced

action as to the Covered Conduct set out in the Settlement Agreement[1] shall be dismissed with

---

[1] The Covered Conduct, as defined in Recital E of the Settlement Agreement, is the following:

The United States contends that it has certain civil claims against Assertio arising from
Assertio's marketing and sale of Lazanda during the period from August 1, 2013, through
December 31, 2017 (hereinafter referred to as the "Covered Conduct").  Specifically, the United
States alleges the following:

- Assertio, then known as Depomed, Inc., acquired the rights to manufacture and
  market Lazanda in July 2013.  Lazanda, a fentanyl nasal spray, was approved by
  the FDA in June 2011 for the management of breakthrough pain in cancer
  patients, 18 years of age and older, who are already receiving and who are tolerant
  to opioid therapy for their underlying persistent cancer pain.  The FDA has never
  expanded the approved use of Lazanda, and the compendia recognized by the
  Centers for Medicare and Medicaid Services ("CMS") do not support any other
  indications.
- After acquiring Lazanda in July 2013, Assertio focused its marketing on pain
  specialists who were prescribing high volumes of TIRF products, including those

prejudice; and (2) any other claims be dismissed with prejudice as to Relators and without prejudice as to the United States.  Pursuant to 31 U.S.C. §3730(b)(1), the United States Department of Justice has determined that, in light of the Settlement Agreement between the parties, voluntary dismissal is in the interest of the United States.

---

who were flagged for diversion or who were later indicted.  Assertio placed high-volume TIRF prescribers on its speakers' bureau and advisory boards.  Assertio developed its "Signature Support Program" to ensure that Lazanda prescriptions would be approved by insurance companies, including Medicare Part D plans.
- As a result of Assertio's marketing, prescribers wrote Lazanda prescriptions for Medicare and TRICARE beneficiaries who did not have breakthrough cancer pain.
- As a result of the foregoing conduct, the United States contends that Assertio caused false claims to be submitted to Medicare and TRICARE from thirteen prescribers, which are identified in a separate letter from the United States to Assertio.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

EDWARD R. MARTIN, JR.
United States Attorney

By:   /s/ *Darrell C. Valdez*
DARRELL C. VALDEZ
D.C. Bar #420232
Assistant United States Attorney
U.S. Attorney's Office
   for the District of Columbia
601 D Street, NW
Washington, DC 20530
(202) 252-2507
Darrell.Valdez@usdoj.gov

JAMIE ANN YAVELBERG
NATALIE A. WAITES
SARAH M. ARNI
MATTHEW ARROW
Attorneys, Civil Division
Department of Justice
175 N Street, NE
Washington, DC 20002
(202) 353-1233

*Counsel for the United States*

By: */s/Robert A. Magnanini*
Robert A. Magnanini, (DC Bar # 995425)
STONE & MAGNANINI LLP
400 Connell Drive, Suite 6200
Berkeley Heights, NJ 07922
Tel: (973) 218-1111
Fax: (973) 218-1106
rmagnanini@smcomplex.com

*Counsel for Relators*